Katie M. Charleston (SBN 252422)
Katie Charleston Law, PC
9151 Atlanta Avenue, No. 6427
Huntington Beach, CA  92615
PH: 317-663-9190
Fax: 317-279-6258
Email: katie@katiecharlestonlaw.com


Attorney for Defendant, Demetrious Polychron

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THE TOLKIEN TRUST and THE TOLKIEN ESTATE LTD, <br><br> Plaintiffs, <br><br> vs. <br><br> DEMETRIOUS POLYCHRON, <br><br> Defendant. | Case No.: 2:23-cv-04300-SVW(Ex) <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Date: September 11, 2023 <br> Time: 1:30 p.m. <br> Dept.: 10A |

**DEFENDANT'S NOTICE OF AND MOTION TO DISMISS**

1

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 11, 2023, at 1:30 p.m. or as soon as may be heard in Courtroom 10A of the United States District Court for the District of California, First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Defendant Demetrious Polychron ("Polychron" or "Defendant") will and hereby does move this Court for an order dismissing the claims of the Complaint ("Complaint") asserted against Defendant by The Tolkien Trust and The Tolkien Estate LTD ("Plaintiffs").

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs' claim is barred by the statute of limitations.

This motion is based on this notice of motion, the memorandum of points and authorities, and all other matters of which this Court may take judicial notice, the pleadings, files, and records in this action, and on any argument heard by this Court.

This notice is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 2, 2023.

Dated: August 14, 2023

Respectfully submitted,

Katie Charleston Law, PC

By:   /s/ *Katie Charleston*
      Katie Charleston, Esq.
      Attorney for Defendant

**DEFENDANT'S NOTICE OF AND MOTION TO DISMISS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

On or about November 21, 2017, Defendant complied, in all respects, with the copyright laws of the United States and all other laws governing copyrights, and secured the exclusive rights and privileges in and to the book of authorship, receiving from the Register of Copyrights a certificate of registration dated and identified as follows: November 21, 2017, The Fellowship of the King, TXu 2-076-068.  ("TFOTK").

On or about November 21, 2017, Polychron sent a letter to Tolkien, grandson to J.R.R. Tolkien, the author of The Lord of the Rings ("LOTR") book series, explaining his love of the LOTR books, and describing his authorship of TFOTK, which was largely inspired by LOTR.  In this letter, Polychron seeks review of the TFOTK manuscript by Tolkien.  Polychron received no response.

Subsequently, on or about November 7, 2019, and with excitement to collaborate with the Plaintiffs and the anticipation of publishing his book to the public, Polychron retained counsel to contact Tolkien, the Tolkien Estate, The Tolkien Estate Limited and the Tolkien Trust regarding a potential collaboration with him on TFOTK as a sequel to LOTR.  The Plaintiffs, by counsel, rebuffed any attempt at collaboration.  Polychron immediately responded with detailed descriptions of his book, and further request for review and collaboration.  The Plaintiffs further rejected this attempt by response from counsel the next day.

On or about December 24, 2019, Polychron sent Tolkien a copy of TFOTK manuscript, again offering collaboration.  When Polychron received no response, he asked Tolkien to return the manuscript.  Tolkien obliged.

In writing TFOTK Polychron, while admittedly inspired by LOTR and J.R.R. Tolkien, developed separate and distinct characters and storyline from LOTR series.  These distinct and separate characters and storylines compose as much as one-third of the 8-episode series as released.  In many cases the copying is in exact language, in others in

images that match the book cover and descriptions as created in the book as authored by Polychron.

On March 7, 2023, Polychron offered TFOTK for sale on FactalBooks.com. Plaintiff filed suit against Defendant on June 1, 2023.

## II. ARGUMENT

To survive a Rule 12(b)(6) motion for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting, Bell Atl. Corp. v. Twombly*, 550 U.S. 54, 570 (2007)). Pleading only those facts "merely consistent with" a defendant's liability is insufficient. *Id*.

Section 101 of the Copyright Act defines publication as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101.

Statutes of limitations are intended to promote the timely prosecution of grievances and discourage needless delay. *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236, 1246 (9th Cir. 2022).

Under the discovery rule, the three-year limitations period for copyright infringement actions began to run when copyright holders suspected that alleged infringers were using copyrighted materials and could have reasonably discovered alleged infringement when they suspected infringement. 17 U.S.C.A. § 507(b); *Wolf v. Travolta*, 167 F.Supp. 3d 1077 (C.D. Cal. 2016). Courts may consider the relative sophistication of parties in a copyright suit. *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F.Supp.3d 461, 467, (*citing, D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29, 35-36 (2d Cir. 1990) (considering the relative sophistication of parties)*; see Warner Bros., Inc. v. Dae Rim Trading, Inc.,* 877 F.2d 1120, 1126 (court "may take into account the attitude and conduct of the parties")*; cf. Little Mole Music v. Spike Investment, Inc.,* 720 F.Supp. 751, 755 (W.D. Mo. 1989) ("experienced operators[ ] in the ... business" were not innocent infringers)*; see, Castle Rock Entm't v. Carol Publ'g Group, Inc.,* 955 F.Supp. 260


(S.D.N.Y. 1997) (Sotomayor, D.J.), aff'd, 150 F.3d 132 (2d Cir. 1998) (district court finding willful infringement because, inter alia, the "defendants are sophisticated with respect to such matters").

For Copyright Infringement, the three-year limitations period begins when the copyright holder knows or should know of the infringing act. *Id.* A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge. *Roley v. New World Pictures, Ltd*., 19 F.3d 479, 481(9th Cir. 1994).

The Supreme Court has expressly stated that "separately accruing harm should not be confused with harm from past violations that are continuing." *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 572 U.S. 663, 671, 134 S.Ct. 1962, 188 L.Ed.2d 979 (2014). For separately accruing harm, each new act must cause harm over and above the harm that the earlier acts caused. *Klehr v. A.O. Smith Corp.,* 521 U.S. 179, 190, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997). Continuing the same act as the initial injury does not begin the accrual of a new statute of limitations. See *Wolf v. Travolta*, 167 F.Supp. 3d 1077, 1099 (C.D. Cal. 2016)

### A. PLAINTIFF'S CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

The three-year statute of limitations began to accrue on December 24, 2019. Plaintiffs allege they were harmed by the publication and sale of Polychron's work. [Compl. 75]. They allege the work was first offered for sale on March 7, 2023. [Compl. 30]. However, by Plaintiffs' own admission, Pollychron's work was *published* and offered for sale on December 24, 2019, when Polychron offered to collaborate with the Plaintiffs on the work, over three years before the date Plaintiffs allege and over four years before the filing of this lawsuit. [Compl. 28]. *See,* 17 U.S.C. § 101.

Plaintiffs could have reasonably suspected and discovered infringing activity on December 24, 2019. This case involves seasoned Plaintiffs with seasoned counsel. (*See*, *i.e., Saul Zaentz Co. v. Wozniak Travel, Inc*. (N.D. Cal. 2008) 627 F.Supp.2d 1096; *Fourth Age Ltd. v. Warner Bros Entertainment, Inc*. (9th Cir. 2015) 621 Fed.Appx. 465; *Tolkien*

*v. Perry,* 2:02-CV-00192 (W.D. Washington). Such sophisticated parties have mechanisms to monitor their intellectual property, but here, that was not necessary, as is evident on the face of the Complaint – the alleged infringed work was literally handed to them. Plaintiffs knew of Polychron's book long before they filed this lawsuit. In fact, they specifically allege that on December 24, 2019, Defendant hand-delivered a copy of the work to Plaintiffs and offered to collaborate with Plaintiffs for further distribution of the work. [Compl. 28]. Therefore, on December 24, 2019, Plaintiffs had actual knowledge of Polychron's work. Due to the descriptive nature of the letter as to the work's contents, the Plaintiffs also had grounds to suspect Polychron's alleged use of copyrighted material. They could have reasonably discovered the alleged infringement since they were literally holding the manuscript in their hands. [Compl. 28]; *Travolta* at 1093.

This court has found that continuing the same act as the initial injury does not begin the accrual of a new statute of limitations. *Travolta* at 1099. In *Travolta*, Wolf, a copyright holder, alleged copyright infringement by Travolta following a failed business partnership. *Id.* at 1084. From 2006 to 2014, Wolf's copyrighted material was used by Travolta and remained on Travolta's website from 2010 to 2014. *Id.* at 1098. Wolf suspected Travolta was using the material as early as 2006 but failed to bring a lawsuit until 2014. *Id*. at 1084. Travolta moved for summary judgment partly on the grounds of expiration of the statute of limitations. *Id.* Plaintiff argued that since Defendant had the content on his website and made changes to the documents, a new injury resulted and restarted the statute of limitations. *Id.* at 1098, 1099.

The Court ruled in favor of Travolta, reasoning Travolta's infringing act of leaving the content on his website was a continuing act and did not give rise to a separate harm. *Id.* at 1099. The Court said that since Plaintiff suspected the infringement and could have reasonably discovered the infringing activity, her claims were barred under the discovery rule since there were no new copyright violations by Defendant within the three years before her suit. *Id* at 1100.

**DEFENDANT'S NOTICE OF AND MOTION TO DISMISS**

6

In the present case, like *Travolta*, Polychron continued publishing and selling his work. Therefore, the publication and offer for sale made as the basis of Plaintiffs' lawsuit are not entitled to separate accrual. Polychron published the allegedly infringing work to Plaintiffs' representative Simon Tolkien, on December 24, 2019. Polychron delivered the work to Tolkien, offering collaboration between Plaintiffs and Polychron. Since Polychron's actions were continuations or the same activity and the Plaintiffs have had actual knowledge of the alleged infringing work since 2019, the statute of limitations for their copyright infringement claim against Polychron has expired.

### III.    CONCLUSION

For the reasons set forth above, the Court should dismiss all claims against the Defendant with prejudice.

Dated: August 14, 2023             Respectfully submitted,

                                   KATIE CHARLESTON LAW, PC


                              By:  /s/ *Katie Charleston*
                                   Katie M. Charleston, Esq.
                                   Attorney for Defendant