LACY H. ("Lance") KOONCE, III (admitted *pro hac vice*)
GILI KAREV (Bar Number: 348774)
**KLARIS LAW PLLC**
430 West 14 St.
New York, NY 10014
Telephone:(917) 612-5861
Email: lance.koonce@klarislaw.com


KEVIN VICK (Bar Number: 220738)
**JASSY VICK CAROLAN LLP**
355 S Grand Ave #2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
Email: kvick@jassyvick.com

Attorneys for Plaintiffs the Tolkien Trust and the Tolkien Estate Limited.

## IN THE UNITED STATES DISTRICT COURT

## THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| THE TOLKIEN TRUST and THE TOLKIEN ESTATE LTD<br><br>        Plaintiffs,<br><br>    v.<br><br>DEMETRIOUS POLYCHRON,<br><br>        Defendant. | Case No. 2:23-cv-04300-SVW(Ex)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO F.R.C.P. RULE 56; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: October 16, 2023<br>Time: 1:30pm<br>Place: Courtroom 10A |

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Case No. 2:23-cv-04300-SVW(Ex)

**TO DEFENDANT DEMETRIOUS POLYCHRON:**

**NOTICE IS HEREBY GIVEN THAT**, pursuant to Federal Rules of Civil Procedure 56, on October 16, at 1:30 p.m. or as soon as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the above-entitled court, located at 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, plaintiffs the Tolkien Estate Limited and the Tolkien Trust (collectively, the "Estate") will move this Court for summary judgment in favor of the Estate on its claim for copyright infringement and the entry of a permanent injunction to prohibit defendant Demetrious Polychron ("Polychron") from further exploiting the Infringing Work. In the alternative, the Estate moves this Court for partial summary judgment in favor of the Estate as to the issue of copyright infringement only. The Estate also seeks recovery of its attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505.

This motion is made on the grounds that any defenses to copyright infringement by Polychron are precluded by the final judgment in *Polychron v. Bezos et al.*, 23- cv-02831-SVW-E (C.D. Cal. 2023) (the "Related Case") pursuant to the doctrine of collateral estoppel, and because there is no genuine controversy as to any material fact necessary to prove Polychron's liability. The Estate waives any claim for monetary damages.

This motion is based on this Notice; the Memorandum of Points and Authorities below; the Declaration of Lacy H. Koonce, III, dated September 18, 2023 ("Koonce Decl."); on all pleadings, files, and records in his action; and on any such authorities and arguments that may be presented in any reply and at any hearing on this motion.

## CERTIFICATE OF CONFERENCE

This motion is made following the conference of counsel pursuant to L.R.7-3 which took place on August 22, 2023.

# CERTIFICATE OF SERVICE

I certify that this document will be filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non- registered participants on the date specified below.

Dated: September 18, 2023

/s/ Lacy H. Koonce, III
Lacy H. Koonce, III
Gili Karev
**KLARIS LAW PLLC**
430 W 14th Street
New York, NY 10014
Telephone: (917) 612-5861
lance.koonce@klarislaw.com

Kevin Vick
**JASSY VICK CAROLAN LLP**
355 S Grant Ave #2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
kvick@jassyvick.com

*Attorneys for Plaintiffs the Tolkien Trust and the Tolkien Estate Limited*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES _____ 4

INTRODUCTION _____ 6

STATEMENT OF FACTS _____ 6-8

ARGUMENT _____ 9

    A. Standard of Review and Applicable Law _____ 9

    B. No Disputed Facts Preclude Judgment in Plaintiffs' Favor _____ 9-11

    C. Polychron Is Collaterally Estopped from Claiming His Work Does Not Infringe *The Lord of the Rings* _____ 11-14

        i.  *The Dispositive Issue Decided in the Related Case is Identical to the Dispositive Issue in the Present Case* _____ 11

        ii.  *Dismissal of the Related Case is a Final Judgment on the Merits* _____ 14

        iii.  *The Same Parties are in Both Proceedings* _____ 14

    D. The Estate Is Entitled to A Recovery Of Attorneys Fees as a Prevailing Party Under The Copyright Act _____ 15

    E. The Court Should Permanently Enjoin Defendant from Further Exploiting the Infringing Work _____ 15-17

CONCLUSION _____ 17

# TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry,* 449 U.S. 90, 94 (1980) ............................................................. 12

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ................................... 9

*Bell v. Davis*, 430 F. Supp. 3d 718 (D. Or. 2019) .................................................. 14

*Bravado International Group Merchandising Services, Inc. v. Zhao*, CV 13-01032 MMM (JCGx), 2014 WL 12579810 (C.D. California June 20, 2014) .......... 16

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) ................................................ 9

*eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006) ...................................... 15

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ............................ 9

*Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994) ...................................................... 15

*Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768 (9th Cir. 2018) ...................... 9

*Frank Music Corp. v. Metro-Goldwyn Mayer, Inc.*, 886 F.2d (9th Cir. 1989) ..... 15

*Good Job Games Bilism Yazilim ve Pazarlama A.S. v. SayGames LLC*, 2023 WL 3260528 (N.D. Cal. May 4, 2023) ................................................................ 13

*Historical Research v. Cabral*, 80 F.3d 377 (9th Cir. 1996) ................................ 15

*Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 91, 459 P.3d 1123 (2020) ....... 14

Kourtis v. Cameron, 419 F.3d 989 (9th Cir. 2005) ................................................ 12

*MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993) ................ 16

*Microsoft Corp. v. Atek 3000 Computer Inc.*, No. 06 CV 6403(SLT)(SMG), 2008 WL 2884761 (E.D.N.Y. July 23, 2008) ........................................................ 16

*Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233 (E.D. Cal. 2008) ......................... 16

*Morton v. Twitter, Inc.*, No. EDCV 22-1482-GW-KSX, 2023 WL 2626960 (C.D. Cal. Jan. 31, 2023) ............................................................................................ 13

*Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d (9th Cir. 1986) ....................... 17

*Polychron v. Bezos et al.*, 23- cv-02831-SVW-E (C.D. Cal. 2023) ........................ 7

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) __ 12

*Taylor v. Sturgell*, 553 U.S. 880 (2008) _____ 12

*United Fabrics Int'l, Inc. v. C & J Wear, Inc.*, 630 F.3d 1255 (9th Cir. 2011) ___ 11

*White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) _____ 12

*Williams v. McGraw-Hill Inc.,* No. CV 10-06062 GAF (SHx), 2010 U.S. Dist. LEXIS 143873, C.D. Cal. Nov. 16, 2010)_____ 12

**Statutes**

17 U.S. Code § 410_____ 10

17 U.S.C. § 505_____ 15, 17

F.R.C.P § 56 _____ 9

# MEMORANDUM OF POINTS AND AUTHORITES

## I. INTRODUCTION

Defendant's continued defense of this case is barred by the doctrine of collateral estoppel. This Court has issued a final judgment on the merits in a prior proceeding on the exact issues to be decided in the present case and determined that Demetrious Polychron, Defendant in the present case, has authored a derivative work that infringes the Estate's exclusive copyright interests. The Estate therefore moves for an order granting summary judgment as to that same copyright infringement in the present case. With respect to damages, the Estate waives its right to seek either actual or statutory damages and seeks a permanent injunction against Defendants to prevent further exploitation of the Infringing Work.[1]

## II. STATEMENT OF FACTS

In November 2017, Defendant sent a letter to the grandson of J.R.R. Tolkien, Simon Tolkien, stating that he had been writing a "pitch-perfect sequel" to J.R.R. Tolkien's revered novel, *The Lord of the Rings*. Compl. ¶ 26, Ex. B. Two years later, in November 2019, his then-counsel contacted the Estate seeking a potential collaboration with Defendant on publication of that sequel and forwarding a statement from Defendant. Compl. ¶ 27. Koonce Decl., Ex. A. The Estate responded that it did not wish to grant any third-party rights to publish a sequel to *The Lord of the Rings*, as the Estate had long maintained a policy of not licensing other writers to create sequels or extensions to Tolkien's famous works. *Id.*

Despite this clear rejection, on December 24, 2019, Defendant delivered a copy of the manuscript of the Infringing Work along with a letter stating that he had written a sequel to *The Lord of the Rings*, and that "I truly cannot imagine, anyone else alive in the world who is capable of taking the foundation your grandfather wrote and expanding upon it as beautifully and imaginatively as I have […] I know

---

[1] Alternatively, the Estate moves the Court to grant partial summary judgment as to the issue of copyright infringement only, reserving on injunctive relief.

Case 2:23-cv-04300-SVW-E   Document 30   Filed 09/18/23   Page 8 of 20   Page ID #:174

it is conceivable to change all the names and publish these books by myself as something else[…]", however, "[i]t almost feels like a death. I do not have it in me to do that." Compl. ¶ 28, Ex. C.

On March 7, 2023, the Estate first learned that the Infringing Work was being offered for sale on the "Fractal Books" website, and that the descriptions of the book made clear that it was an unauthorized sequel to *The Lord of the Rings*. Compl. ¶ 29. The Estate immediately wrote to Mr. Polychron demanding that he cease and desist from publication or any further exploitation of that work. *Id.*

On March 21, Defendant sent a 5,000-word email to the Estate denying that the creation of the Infringing Work was "copyright infringement" but rather a "loving homage," but nevertheless stating that "[a]lthough many have tried in the past to write sequels to Tolkien's work", "[n]one of them come anywhere near to sticking as closely as I have to Canon while successfully writing an epic and entertaining story." In the letter, he also refers to his "imaginative expansion of your IP." Compl. ¶ 60 Ex. A.

On April 14, 2023, Mr. Polychron filed a complaint against the Estate and various Amazon defendants (collectively, the "Tolkien Parties") alleging that the Tolkien Parties had infringed his copyright in his book *The Fellowship of the King* (the "Infringing Work") by distributing the Amazon Series. *Polychron v. Bezos et al.*, 23- cv-02831-SVW-E (C.D. Cal. 2023) (the "Related Case"), ECF No. 1, at 40-52. The Estate thereafter filed the present copyright infringement claim seeking redress for the blatant unauthorized and unlawful publication and exploitation of the Infringing Work in the first instance.

On July 13, 2023, Polychron filed a first amended complaint in the Related Case. Related Case ECF. No. 31 ("Related Case FAC"). On July 27, 2023, the Tolkien Parties each filed motions to dismiss the Related Case FAC for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Related Case ECF. Nos. 35 and 42. Specifically, the

PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
Case No. 2:23-cv-04300-SVW(Ex)

Tolkien Parties argued that the Infringing Work is an unauthorized derivative sequel of J.R.R. Tolkien's original copyrighted works and is therefore not entitled to copyright protection as a matter of law. *Id*. Accordingly, Defendant did not own copyright in the Infringing Work and could not state a claim for copyright infringement. *Id.*

On August 14, 2023, this Court granted the Tolkien Parties' respective motions and dismissed the Related Case FAC on grounds that the Infringing Work was an unauthorized derivative and Defendant therefore lacked standing to sue. Related Case ECF. No. 47. On August 25, 2023, this Court issued a final judgment on the merits dismissing the Related Case FAC with prejudice in its entirety. ECF. No. 50.

On August 14, 2023, Polychron filed a motion to dismiss the present case solely on statute of limitations grounds. ECF No. 22. On August 21, 2023, the Estate filed an opposition to Defendant's motion to dismiss. ECF No. 23. Defendant's reply in support of his motion to dismiss in the present case was due on August 28, 2023, but instead of replying, on August 31, 2023, Defendant's counsel withdrew his motion to dismiss and filed an Answer. ECF Nos. 24 and 25.

Defendant's Answer ignores this Court's Order in the Related Case finding that the Infringing Work is an unauthorized, infringing derivative. Instead, Defendant inexplicably again raises the statute of limitations defense that was raised in Defendant's abandoned motion to dismiss, and also raises – despite failing to do so in the Related Case – an affirmative defense of fair use.

Putting aside the confusing procedural steps taken by Polychron and his counsel in this and the Related Case to date, in light of this Court's findings in and dismissal of the Related Case FAC on the identical issue as in the present case, Polychron is collaterally estopped from relitigating the present matter. The Estate therefore moves for summary judgment.

## III. ARGUMENT

### A. Standard of Review and Applicable Law

Summary judgment should be granted if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. F. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to proffer evidence that there is a genuine issue for trial. *See, Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986).

To succeed on the merits of the present claim, the Estate must show (1) ownership of a valid copyright; and (2) copying of constituent elements that are original. *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 774 (9th Cir. 2018) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991).

### B. No Disputed Facts Preclude Judgment in Plaintiffs' Favor

Even at this early stage of the litigation, summary judgment in favor of the Estate is appropriate because there is no genuine dispute that the Estate holds a valid copyright in *The Lord of the Rings*, and because Defendant is collaterally estopped from arguing that his work does not infringe the Estate's copyright.

Implicit in this Court's finding in the Related Case that Defendant's work is an infringing derivative was that the Estate holds a valid copyright in *The Lord of the Rings.* Thus, for all the reasons discussed below in connection with the Estate's argument that Defendant is collaterally estopped from asserting that his work is not infringing, he is also collaterally estopped from asserting that the Estate does not hold a copyright interest in *The Lord of the Rings*.

However, in his Answer, in response to the Estate's assertion in the Complaint that "The Tolkien Estate is the owner and copyright proprietor, as successor-in-interest, of the Tolkien Trilogy and the body of works comprising the Tolkien Canon. The Tolkien Trilogy comprises three original creative works of literature

written by the late author Professor J.R.R. Tolkien: The Fellowship of the Ring, The Two Towers, and The Return of the King. Other important works in the Tolkien Canon that tell the story of Middle-earth are The Hobbit and The Silmarillion" (Compl. ¶ 17), Defendant responds that he "lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations … and therefore denies the same" (Answer ¶ 17). Defendant provides an identical response (Answer ¶ 24) to the Estate's allegation in Paragraph 24 of the Complaint that "[t]he themes, plot, setting, characters, mood, pace, sequence of events, and dialogue in the Tolkien Trilogy are all Professor Tolkien's original creative work, the copyrights to which are now held by the Tolkien Estate. Plaintiffs hold valid and subsisting copyright interests in, and U.S copyright registrations for, the entire Tolkien Canon…" *See also* Compl. ¶¶ 68-70; Answer ¶¶ 68-70.

Out of abundance of caution, the Estate thus sets forth the undisputed facts as to its ownership of a copyright interest in *The Lord of the Rings*.

First, as noted above, the Estate holds extant copyright registrations for *The Lord of the Rings*. Pursuant to 17 U.S. Code § 410, "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." Each of the three volumes of *The Lord of the Rings* was registered in the U.S. Copyright Office shortly after publication. *The Fellowship of the Ring* was first published in 1954 and registered that same year under Reg. No. Ai 4273 (renewed in 1982 under Reg. No. RE 121-069). *The Two Towers* was also published in 1954 and registered that same year under Reg. No. Ai 4465 (renewed in 1982 under Reg. No. RE 121-070). *The Return of the King* was published in 1955 and registered that same year under Reg. No. TX 1-237-761 (renewed in 1983 under Reg. No. RE 188-500). As such, the copyright registrations for these works constitute *prima facie* evidence of the validity of the Estate's

copyright interest in *The Lord of the Rings*. *United Fabrics Int'l, Inc. v. C & J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (quoting 17 U.S.C. § 410(c))

Second, other than his denial based upon lack of information, Defendant has nowhere seriously disputed – nor can he – the Estate's copyright interests. Notably, he did not challenge the Estate's copyright ownership in the Related Case and, again, it was implicit in the Court's decision dismissing that case that the Infringing Work infringed a valid copyright in *The Lord of the Rings*. Further, the mere fact that Defendant reached out through counsel in 2019 to seek permission to author a sequel confirms that he does not challenge the Estate's rights. In his Answer, Defendant admits that on November 7, 2019, he retained counsel to contact Plaintiffs regarding a potential collaboration with him on the publication of his sequel. Answer ¶ 27.

Also, in his correspondence with the Estate, he repeatedly recognized the Estate's interests:

- "Now that it's written, I'm not sure what to do with it […] I have zero interest in infringing on your rights; the rights of the Estate, [but] I cannot conceive of deleting this manuscript." Koonce Decl., Ex. A.
- "Not only did I literally gift him the manuscript and the Rights to my imaginative expansion of *your* IP…." Compl. ¶ 60, Ex. A (emphasis added).

In short, there are no disputed facts that preclude this Court from finding that the Estate holds a valid and enforceable copyright interest in *The Lord of the Rings*.

**C. Polychron Is Collaterally Estopped from Claiming His Work Does Not Infringe *The Lord of the Rings***

Under the doctrine of collateral estoppel, a final judgment on the merits precludes the parties from relitigating issues that were or could have been raised in the prior action. *Allen v. McCurry,* 449 U.S. 90, 94 (1980). Specifically, collateral estoppel "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the

issue recurs in the context of a different claim." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012). Collateral estoppel, also referred to as issue preclusion, has three requirements: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (quoting *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)); *accord Williams v. McGraw-Hill Inc.*, No. CV 10-06062 GAF (SHx), 2010 U.S. Dist. LEXIS 143873, at *5 (C.D. Cal. Nov. 16, 2010)." These elements are all easily met here.

   *1. The Dispositive Issue Decided in the Related Case is Identical to the Dispositive Issue in the Present Case*

The first factor of the issue preclusion analysis concerns whether "the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated." *Williams* at *5. That is unquestionably the case here. The issue necessarily decided in the Related Case was whether the Infringing Work was an unauthorized derivative, as a finding in the Estate's favor on this issue precluded Defendant's standing. The Court so found. *See* Dismissal Order at 12 ("Accordingly, Plaintiff's work is an unauthorized derivative that is not entitled to copyright protection," noting that "Plaintiff has admitted that the characters were taken directly from *the Lord of the Rings* in his correspondence with Simon Tolkien and the Tolkien Estate. He has also admitted that his series is intended to be a sequel to *The Lord of the Rings*, so every plot point flows from the ending of *The Lord of the Rings* series ….").

The dispositive issue in the present case is the same: whether Defendant's book is an unauthorized derivative work, thus violating the Estate's exclusive rights. Polychron had the opportunity to litigate the issue of whether his work was

infringing and assert any counterclaims or defenses in the Related Case. He did so and he lost. He is now barred from all grounds for recovery moving forward that could have been asserted in the prior action and may not now attempt to assert fair use or any other defense he failed to raise in the prior pleading. *Cf. Morton v. Twitter, Inc.*, No. EDCV 22-1482-GW-KSX, 2023 WL 2626960, at *4 (C.D. Cal. Jan. 31, 2023) ("Plaintiff's copyright ownership over the registered collection of works was the primary focus of the previous litigation. In fact, it was the very basis for this Court's granting of summary judgment in favor of Defendant Twitter – Plaintiff's failure to establish evidence in support of her position of ownership of the copyrights as works made for hire. Thus, the Court finds this factor is satisfied"); *see also Good Job Games Bilism Yazilim ve Pazarlama A.S. v. SayGames LLC*, 2023 WL 3260528, *3 (N.D. Cal. May 4, 2023) (applying issue preclusion in connection with successive copyright infringement claims). A continuation of this current lawsuit will force the parties to relitigate this Court's decision that the Infringing Work is an unauthorized infringing derivative of *The Lord of the Rings*.[1]

The Court's reasoning in its Dismissal Order in the Related Case mirrors the language in the Estate's Complaint in the instant case, which contends that the Infringing Work "is a self-described "sequel" to the Tolkien Trilogy that […] copies multiple original, unique and delineated characters that Defendant lifts lock, stock and barrel from the Tolkien Trilogy (retaining the names, histories, relationships, physical descriptions, conceptual attributes, and personal experiences of these characters as set forth in the original works), places these characters into the exact same fictional locations originally created by Professor Tolkien, and sets such

---

[1] Notably, Although "[u]sually a court would be required to undertake the extensive comparisons under the … substantial similarity test to determine whether [Plaintiff's] work is a derivative work […]", when, as in this case, "[Plaintiff] has bodily appropriated the [Lord of the Rings] characters in his [novel], the Court need not determine whether the characters in [Plaintiff's work] are substantially similar to [Defendants'] characters, as it is uncontroverted that the characters were lifted lock, stock and barrel from [The Lord of the Rings.]" Dismissal Order at 10, quoting from *Anderson v. Stallone*, No. 87-0592 WDKGX, 1989 WL 206431 (C.D. Cal. Apr. 25, 1989).

characters into motion along similar narrative journeys as in the original works." Compl. ¶ 73.

The Court has already agreed that the very same Infringing Work is an unauthorized derivative. Polychron should therefore be precluded from continuing to litigate the copyright infringement issue that this Court has already adjudicated and resolved against him.

2. *Dismissal of the Related Case Is a Final Judgment on the Merits*

It is well established that a dismissal with prejudice operates as a final adjudication on the merits and as such has preclusive effect. *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 91, 459 P.3d 1123, 1134 (2020). This Court entered final judgment in the Related Case on August 25, 2023, ECF. No. 50. A dismissal remains a final judgment on the merits for preclusion purposes even if an appeal or motion for a new trial is pending in the prior action (which is not the case here). *See Bell v. Davis*, 430 F. Supp. 3d 718 (D. Or. 2019) (prior proceeding in which the court found that photographer did not own copyright in his skyline photograph precluded re-litigation of issue in photographer's subsequent copyright infringement action against operator of websites, even if motion for a new trial was pending in prior action, since at time subsequent action was brought, judgment remained valid and final for preclusion purposes.).

3. *The Same Parties Are in Both Proceedings*

The party against whom issue preclusion is asserted in the present case, Demetrious Polychron, was inarguably the party in the Related Case against whom the judgment was taken by the Estate, which was also a party to that litigation. In these circumstances, he cannot now attempt to relitigate the same issue in this proceeding.

**D. The Estate Is Entitled to A Recovery Of Attorneys Fees as a Prevailing Party Under The Copyright Act**

Under 17 U.S.C. § 505, a Court has broad discretion to award costs and attorneys' fees to the prevailing party in an infringement action. The Ninth Circuit has made clear that "'exceptional circumstances' are not a prerequisite to an award of attorneys' fees" and that "district courts may freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378-79 (9th Cir. 1996) (*citing Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994)). A plaintiff "may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." *Frank Music Corp. v. Metro-Goldwyn Mayer, Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989).

Here, should the Court grant this motion for summary judgment, and as prevailing party the Estate should be awarded its costs and attorneys fees. Upon such a favorable ruling, the Estate will respectfully seek to submit a declaration in support of its request for reasonable attorneys' fees and costs in connection with this action.

### E. The Court Should Permanently Enjoin Defendant from Further Exploiting the Infringing Work

17 U.S.C. § 505 authorizes permanent injunctions to address copyright infringement. Courts apply a four-factor test in determining whether to grant an injunction. As set forth by the Supreme Court in *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006), in order to justify an injunction, a plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

While courts no longer presume irreparable injury from the mere fact of liability in copyright cases, "the injury caused by the presence of infringing products in the market—such as lost profits and customers, as well as damage to goodwill and

business reputation—will often constitute irreparable injury. *See, e.g.*, *Bravado International Group Merchandising Services, Inc. v. Zhao*, CV 13-01032 MMM (JCGx), 2014 WL 12579810, *16 (C.D. California June 20, 2014) (*citing Microsoft Corp. v. Atek 3000 Computer Inc.*, No. 06 CV 6403(SLT)(SMG), 2008 WL 2884761, *5 (E.D.N.Y. July 23, 2008) for conclusion that plaintiff demonstrated irreparable injury where it "established that defendant committed copyright and trademark infringement, and ... there [was] no reason to conclude that defendant ha[d] or [would] cease its infringing acts because it continued infringing plaintiff's copyrights and trademarks despite being notified of its infringement").

Here, Defendant did not cease distribution of the Infringing Work after receiving demands from the Estate and in fact continues to offer for sale the Infringing Work on his website. *See* Koonce Decl., Ex. B. His actions to date – including filing a baseless suit very publicly seeking $250 million against the Estate and Amazon defendants – provide "no assurance that [he] will refrain from further infringement, absent a permanent injunction." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1239 (E.D. Cal. 2008); *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) (a permanent injunction generally "will be granted when liability has been established and there is a threat of continuing violations"). The presence of an unauthorized derivative in the marketplace has also caused damage to the Estate's goodwill and reputation, as evidenced by confused and concerned public comments about the book. *See, e.g.*, www.reddit.com/r/lotr/comments/11ijxhh/anyone_else_heard_of_this_book_fellowship_of_the/; Koonce Decl., Ex. C. Defendant himself has continued to sow such confusion in the market by claiming publicly, for example: "There is a lot more to this than meets the eye. If you are capable of setting your prejudice aside, read the book." *See, e.g.*, https://twitter.com/DemetriousWrite/with_replies; Koonce Decl., Ex. C. Not only is the damage caused by the Infringing Work irreparable, this type of marketplace confusion clearly cannot be remedied by money damages alone.

With respect to the "balance of hardships" factor, here an injunction would simply ensure Defendant's compliance with the copyright laws. *See Bravado International*, 2014 WL 12579810, *16 ("There is no indication that defendants will suffer hardship if a permanent injunction is entered; rather, an injunction will merely assure their compliance with the Copyright Act. . . ."); *cf. Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135-36 (9th Cir. 1986) ("[i]f the defendants sincerely intend not to infringe, the injunction harms them little; if they do, it gives [plaintiff] substantial protection of its trademark"). Lastly, "[t]he public interest is served when the rights of copyright holders and holders of other forms of intellectual property are protected." *Bravado International*, 2014 WL 12579810, *17.

For all of the above reasons, the Court should enter the proposed permanent injunction to prevent any future infringement by Defendant.

## IV.   CONCLUSION

The Estate has proffered undisputed evidence regarding the Estate's valid copyright interests in *The Lord of the Rings*, as well as the unauthorized, derivative nature of the Infringing Work. Defendant, by virtue of the Court's Dismissal Order in the Related Case, is estopped from arguing that the Estate's copyright interests are not valid, or that his work is not infringing. Therefore, the Court should render judgment on the Estate's claim for copyright infringement, award the Estate prevailing party attorneys' fees under 17 U.S.C. § 505, and issue a permanent injunction in the form of the proposed permanent injunction provided concurrently.

Dated: September 18, 2023           Respectfully submitted,

/s/ Lacy H. Koonce, IIII
Lacy H. Koonce, IIII
Gili Karev
KLARIS LAW PLLC
430 W 14th Street
New York, NY 10014
Telephone: (917) 612-5861
lance.koonce@klarislaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kevin Vick
**JASSY VICK CAROLAN LLP**
355 S Grand Ave #2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
kvick@jassyvick.com

*Attorneys for Plaintiffs the Tolkien Estate and the Tolkien Trust Limited*

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Tolkien Estate, certifies that this brief contains 3,909 words, which complies with the word limit of L.R. 11-6.1.

September 18, 2023                                         /s/ Lacy H. Koonce, III
                                                                              Lacy H. Koonce, III