1  Katie M. Charleston (SBN 252422)
   Katie Charleston Law, PC
2  9151 Atlanta Avenue, No. 6427
3  Huntington Beach, CA  92615
   PH: 317-663-9190
4  Fax: 317-279-6258
5  Email: katie@katiecharlestonlaw.com

6  Attorney for Defendant, Demetrious Polychron

7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                    WESTERN DIVISION

11 | THE TOLKIEN TRUST and THE TOLKIEN ESTATE LTD, | Case No.: 2:23-cv-04300-SVW(Ex) |
12 | | |
13 | | |
14 | Plaintiffs, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
15 | | |
16 | | |
17 | vs. | |
18 | | |
19 | DEMETRIOUS POLYCHRON, | |
20 | Defendant. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1

1  Defendant, Demetrious Polychron, by counsel, opposes Plaintiffs' Motion for
2 Summary Judgment on the ground that the pleadings and affidavits show that there is a
3 genuine issue as to material facts, issue preclusion is not applicable, and the Plaintiffs are
4 not entitled to summary judgment as a matter of law.

5  Dated: September 25, 2023          Respectfully submitted,
6                                      Katie Charleston Law, PC

8                              By:   /s/ *Katie Charleston*
9                                    Katie Charleston, Esq.
                                     Attorney for Plaintiff

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

2

## INTRODUCTION

This opposition is submitted in response to the Plaintiffs' premature motion for summary judgment.  As Defendant demonstrates herein and in his declaration in support of this opposition, there are disputed material facts that foreclose Plaintiffs' request for a preliminary disposition through summary judgment.  Further, issue preclusion is inapplicable here because Defendant was not provided an opportunity to fully and actually litigate the issues raised in the prior case.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs filed a Complaint in this matter on June 1, 2023.  Before filing that Complaint, Defendant filed a related action against the Plaintiffs herein for Copyright Infringement and Unfair Competition in Case No. 2:23-cv-02831.  Defendant filed his First Amended Complaint on July 13, 2023.  (First Amended Complaint, July 13, 2023, throughout at Dkt. No. 31.)  In that earlier case, Defendants herein filed a Motion to Dismiss for Failure to State a Cause of Action on July 27, 2023.  Plaintiffs' filing included eight exhibits and a declaration from attorney Lacy Koonce. (Tolkien Defs Motion to Dismiss, July 27, 2023, at Dkt. No. 35.)  The additional defendants in that separate action similarly filed a Motion to Dismiss for Failure to State a Cause of Action under FRCP 12(b)(6), and along with their motion, filed a declaration of attorney Amanda Levine, and an Exhibit. (Amazon Defs. Motion to Dismiss, July 27, 2023, at Dkt. No. 42.)  Defendant filed his Opposition to Defendants Motion to Dismiss in that former action on August 7, 2023.  The Court granted Plaintiffs' Motions to Dismiss in that case, without hearing, on August 14, 2023. (Order, dated August 14, 2023, at Dkt. No. 47.

Plaintiffs filed the instant Motion for Summary Judgment on September 18, 2023. A hearing is set on Plaintiffs' Motion for Summary Judgment for October 16, 2023 at 1:30 pm.

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

3

## FACTS

On or about November 21, 2017, Defendant complied, in all respects, with the copyright laws of the United States and all other laws governing copyrights and secured the exclusive rights and privileges in and to the book of authorship, receiving from the Register of Copyrights a certificate of registration dated and identified as follows: November 21, 2017, The Fellowship of the King, TXu 2-076-068. ("TFOTK"). (*Demetrious Polychron Decl.*, dated September 25, 2023 attached hereto as Exhibit "A" and incorporated throughout).

On or about November 21, 2017, Polychron sent a letter to Tolkien, grandson to J.R.R. Tolkien, the author of The Lord of the Rings ("LOTR") book series, explaining his love of the LOTR books, and describing his authorship of TFOTK, which was largely inspired by LOTR. In this letter, Polychron seeks review of the TFOTK manuscript by Tolkien. Polychron received no response.

Subsequently, and with excitement to collaborate with the Plaintiffs and the anticipation of publishing his book to the public, Polychron retained counsel to contact Tolkien, the Tolkien Estate, The Tolkien Estate Limited and the Tolkien Trust regarding a potential collaboration with him on TFOTK as a sequel to LOTR. The Plaintiffs, by counsel, rebuffed any attempt at collaboration. Polychron immediately responded with detailed descriptions of his book, and further request for review and collaboration. The Plaintiffs further rejected this attempt by response from counsel the next day. On or about December 24, 2019, Polychron sent Tolkien a copy of TFOTK manuscript, again offering collaboration. When Polychron received no response, he asked Tolkien to return the manuscript. Tolkien obliged.

In writing TFOTK Polychron, while admittedly inspired by LOTR and J.R.R. Tolkien, developed separate and distinct characters and storyline from LOTR series. *Id.* at ¶ 2 - 4. Specifically, he introduced new magical races, enchanted rings, magical worlds and concepts separate and apart from TLOTR or any other story that currently exists. *Id.* at ¶ 3. In TFOTK, any characters with the same name as any character in TLOTR, have

been so transformed as they are essentially new characters altogether. *Polychron Decl*. at ¶ 4.

Defendant Polychron, in an abundance of caution, removed all references to his books at issue from both his personal website and any third-party seller. Defendant does not intend to sell his book again in the future. *Id*. at ¶ 6

## ARGUMENT

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

"Issue preclusion prevents the relitigation of an issue which has been "'actually litigated" and necessarily decided by a final disposition on the merits,' in a prior litigation between the same parties" by a court of competent jurisdiction." *Paley v. Ogus*, 20 F.Supp.2d 83 (D.C. Cir. 1998). Issue preclusion prevents relitigation of an issue only if preclusion in the second case would not work basic unfairness to [a] party bound by the second case. *Paley, infra*, 20 F.Supp.2d 83, 88.

"To prevail on a motion to dismiss for failure to state a claim pursuant to 12(b)(6), [defendants] must show 'beyond doubt that the [plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" *EEOC v. Ste. Francis Xavier Parochial School*, 117 F.3d 61, 624 (D.C.Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct.99, 2 L.Ed.2d 80 (1957). The court must accept [plaintiffs] factual allegations as true … and draw all inferences in the[ir] favor." *Id*. at 625. The Court may "consider only facts alleged in the Complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Id*. at 624.

"If the Court looks beyond these sources in considering a rule 12(b)(6) motion to things such as "any written or oral evidence in support of or in opposition to the pleading and provides some substantiation for and does not merely restate what is in the pleadings," 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 1366

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

5

(1990), it must convert the motion to dismiss into a motion for summary judgment." *Paley, supra,* 20 F. Supp.2d 83, 89 (1998) (quoting, Fed.R.Civ.P. 12(b); *IMS, P.c. v. Alvarez*, 129 F.3d 618, 619 n.1 (D.C. Cir. 1997). "Before conversion, the adverse party must be afforded the procedural protections of Rule 56, including a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" *Paley,* 20 F. Supp.2d at 89 (quoting *Neal v. Kelly*, 963 F.2d 453, 455-56 (D.C. Cir. 1992)) (quoting Fed.R.Civ.P 12(b)).

"The purpose of the conversion provision of Rule 12(b) is to insure[] that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion [to dismiss] into a motion for summary judgment." *Paley,* 20 F.Supp.2d at 89 (quoting Fed.R.Civ.P 12(b)). If in a 12(b)(6) motion a Court considers evidence beyond the pleadings and those to which it can take judicial notice, and the Court fails to convert the motion into one for summary judgment, allowing the parties to respond to that additional evidence, the issue has not been "actually litigated" for purposes of claim preclusion. *Paley*, 20F.Supp.2d at 89-91.

## I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE MATERIAL FACTS ARE IN DISPUTE.

### a. Defendant's Book Created New Characters, Plots and Scenes.

Material facts are in dispute in the case. Specifically, and importantly, the material facts regarding the similarity and potential infringement of TLOTR by TFOTK. Defendant, through his concurrently submitted declaration, identifies his book as an "original, with new magical races, enchanted rings, and magical worlds." He further disputes that the characters in his book are the same as that in the LOTR, specifically calling out the complexity and transformation he has given them to make them original. Thus, a dispute exists as to the material facts in this case and Plaintiffs' Motion must be denied.

## II. ISSUE PRECLUSION IS INAPPLICABLE TO THIS CASE.

### a. The issue in the prior case was not actually litigated on its merits.

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

6

No issue in this case was actually litigated in any previous litigation. The Plaintiffs rest on an argument that they are entitled to a preliminary disposition because of the Court order issued in the prior case. They fail to note, however, that Polychron was not given a fair opportunity to dispute any facts in that case. To the contrary, the Court considered evidence beyond the pleadings by the Defendants there, but failed to convert the 12(b)(6) motion to one of summary judgment, and give Polychron an opportunity to dispute the additional evidence.

In *Paley*, *supra*, a similar issue preclusion argument was put forth to prevent a party from arguing its case. 20 F.Supp.2d 83. The argument there failed because the lower court had considered evidence beyond the pleadings on a 12(b)(6) motion and failed to convert the motion to one for summary judgment, giving the opposing party time to fully challenge the additional evidence. *Id*. at 91. The Court held that because the lower court failed to do so, the party did not have the opportunity to actually litigate the issue. *Id*. at 89-91. Therefore, it held, issue preclusion did not apply. *Id*. at 91.

Here, as in *Paley*, the issue supposedly actually litigated in the prior case was not. The 12(b)(6) motion filed by the Defendants included numerous exhibits and declarations that included evidence beyond the face of the pleadings, which the Court considered. In that prior case, the Court considered the extraneous exhibits and declarations rather than convert the motion to one of summary judgment and allow Polychron time to respond. It then dismissed the case outright, denying Polychron the opportunity to fully and actually litigate any issue. Thus, as in *Paley*, issue preclusion simply does not apply, and such argument should be disregarded.

      **b. The parties are in opposite roles in this case as compared to the prior case.**

Apply issue preclusion in this case would be unfair in this case. The parties in this case are in different roles here than in the prior case; Polychron now being the defendant. The issue allegedly litigated in the prior case was from a different perspective and related to different facts as Defendant sought remedy for a wrong and was not in the position to

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

defend himself. Indeed, he was not even given an opportunity to defend himself in the prior case as 1) he was the Plaintiff; and 2) he was never given an opportunity to respond to the additional evidence considered by the Court. Thus, to apply issue preclusion here would work a basic unfairness and should not be allowed.

### III. PLAINTIFFS CANNOT SHOW IRREPARABLE HARM.

Defendant has removed all references to his book from online and does not intend to sell them further. Additionally, as noted by the Plaintiffs in their pleading and the affirmative motion, the Tolkien Legacy and Lord of the Rings trilogy is so eminent and popular that it is hardly an argument that Defendant has caused any damage to the Plaintiffs by publishing his books, and it continues to be unlikely that any continuing act will cause irreparable harm to the Plaintiffs. Therefore, Plaintiffs request for a permanent injunction should be denied.

### CONCLUSION

For the foregoing reasons, Defendant requests the Court deny Plaintiffs' Motion for Summary Judgment and all other relief the Court deems proper.

Dated: September 25, 2023

Respectfully submitted,

Katie Charleston Law, PC

By:   /s/ *Katie Charleston*
Katie Charleston, Esq.
Attorney for Plaintiff

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

8