UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

Paul M. Cruz                                            N/A

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

N/A                                                    N/A

**Proceedings:**    ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [ECF No. 30], GRANTING PLAINTIFFS' REQUEST FOR A PERMANENT INJUNCTION, AND DENYING PLAINTIFFS' REQUEST FOR ATTORNEYS' FEES

### I.      Introduction

Before the Court is Plaintiffs the Tolkien Trust and the Tolkien Estate Ltd. (collectively, "Plaintiffs") Motion for Summary Judgment. ECF No. 30. For the following reasons, Plaintiffs' motion is GRANTED.

### II.     Background[1]

---

[1] All facts are undisputed unless otherwise stated and are derived from the parties' briefs and supporting materials. Nothing in

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

**A.  Overview and Procedural History**

  **i.  Polychron's Previous Lawsuit**

  This case arises from a very similar set of underlying facts to those described by this Court in *Polychron v. Bezos*, No. 2:23-cv-02831-SVW-E, 2023 U.S. Dist. LEXIS 141938 (C.D. Cal. Aug. 14, 2023) (the "Related Case"). The Court will briefly restate a concise version of those facts here.

  Demetrious Polychron ("Polychron" or "Defendant") is an author who has published poetry, magazine articles, screenplays, and novels. Compl., Ex. B (Nov. 21, 2017 letter from Polychron to Simon Tolkien) 2–3, ECF No. 1-2. Most relevantly, he has written and published a book entitled *The Fellowship of the King* ("TFOK"), which is a novel based on J.R.R. Tolkien's *The Lord of the Rings* ("TLOR") series. Compl., Ex. A (Mar. 21, 2023, letter from Polychron to Tolkien Estate and Tolkien Trust), 1–2, ECF No. 1-1. Polychron registered TFOK with the United States Copyright Office on November 21, 2017. *Id.* TFOK was intended to be the first book in a series of seven books that Polychron planned to write. *Id.* at 5. On that same day, he sent a letter to Simon Tolkien, the grandson of J.R.R. Tolkien. Related Case at *3. In that letter, Polychron expressed his love of TLOR and his history reading the series as a child. Compl., Ex. B (Nov. 21, 2017, letter from Polychron to Simon Tolkien) 1, ECF No. 1-2. He explained that "[f]or the last three years, I've been doing the most obvious hardest thing in the world: I've been writing the pitch-perfect sequel to 'The Lord of the Rings.'" *Id.* at 2. Polychron explained that "[he] kn[e]w [he] shouldn't have, but [he] really didn't have a choice. Once the inspiration came, the hardest part was over and it was the one book [he] most dearly wished [he] could buy which [he] couldn't find on the shelf in a book store. [He] wrote it for all the right reasons you're supposed to write books. [His] number one intention was to write the best story possible. **Number two was to stick as close to canon as I could.** Third was to take those criticisms of his work: there weren't many strong empowered women or minorities, or those things unaccounted for or seen as errors, and show we were blind men with the

_____

this section should be construed as a factual finding; rather, this section is merely background information regarding the instant lawsuit. "To the extent certain facts or contentions are not mentioned in this Order, the Court has not found it necessary to consider them in reaching its decision." *Sarieddine v. Vaptio, Inc.*, 2021 WL 4731341, at *1 (C.D. Cal. June 15, 2021).

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|----------|---------------------|------|-------------------|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

elephant, we just hadn't been given a view of the 'big picture.'" *Id.* (emphasis added). Tolkien did not respond to this letter. Related Case at *10.

Two years later, in November 2019, Polychron retained counsel to contact the Tolkien Estate to seek a license to use their intellectual property. Compl. ¶ 27, ECF No. 1. That request was denied pursuant to the Tolkien Estate's standing policy to decline any licenses for sequels to the TLOR, given that such sequels were contrary to the wishes of J.R.R. Tolkien. *Id.*

On December 24, 2019, Polychron sent a follow up letter to Simon Tolkien, alongside a copy of TFOK. Compl. ¶ 28. That letter explained that Polychron had "zero interest in infringing on your rights; the rights of the Estate." Compl., Ex. C (Dec. 24, 2019 letter from Polychron to Simon Tolkien) 1, ECF 1-3. He noted that he did "not want any money from you. Quite the opposite, I am trying to put a ridiculous amount of money in your pockets." *Id.* He concluded by stating that he knew "it is conceivable to change all the names and publish these books by myself as something else. To me, that feels like taking your child and putting them into a Witness Protection program, alone. It almost feels like a death. I do not have it in me to do that. Not to these characters I love." *Id.* The Tolkien Estate did not take Polychron up on his offer; Simon Tolkien did not read TFOK and instead mailed the manuscript back to Polychron. Compl. ¶ 28, ECF No. 1.

Subsequently, Amazon Studios LLC and Amazon Content Services LLC created a television show entitled *Rings of Power*, which was set in the universe of TLOR pursuant to a valid licensing agreement. Polychron sued, *inter alia*, these entities[2] as well as Simon Tolkien, the Tolkien Estate, and the Tolkien Trust; he alleged that *The Rings of Power* infringed on his copyright in TFOK. Related Case at *14–15. Plaintiff filed that suit on April 14, 2023. Related Case, ECF No. 1.

In the Related Case, this Court dismissed Polychron's claims for "various types of copyright infringement" with prejudice. This Court's rationale was that these claims failed as a matter of law because

---

[2] He also sued Amazon's founder, Jeff Bezos, in his individual capacity.

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|----------|---------------------|------|-------------------|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

Polychron's "work is an unauthorized derivative work that is not entitled to copyright protection." In the alternative, this Court also found that "if [Polychron's] work were not an unauthorized derivative, he . . . failed to plausibly plead that *Rings of Power* infringes his work directly." Related Case at *24.

### ii.  The Present Lawsuit

Plaintiffs the Tolkien Trust and the Tolkien Estate LTD (the "Tolkien Plaintiffs") filed the complaint that initiated this suit on June 1, 2023. ECF No. 1. In that complaint, they accuse Polychron of infringing their copyright in TLOR. Compl. ¶¶ 67–77, ECF No. 1. Specifically, they allege that TFOK infringes on protected aspects of TLOR. They also allege that Polychron has sold his infringing work for profit. *See* Koonce Decl., Ex. B (Defendant's website showing TFOK for sale), ECF No. 32. On September 18, 2023, the Tolkien Plaintiffs moved for summary judgment against Polychron. ECF No. 30. In that motion, they waived their "right to seek either actual or statutory damages and seek[] a permanent injunction against Defendant[] to prevent further exploitation of the Infringing Work." Pl.'s Mot. for Summ. J. 6.

### III.  Legal Standards

#### A.  Motion for Summary Judgment

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). "On an issue as to which the

| | | : |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

nonmoving party will have the burden of proof . . . the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although a court must draw all inferences from the facts in the non-movant's favor, *id.* at 255, when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremukun*, 509 F.3d at 984.

**B. Copyright Infringement**

There are two elements that a plaintiff in a copyright infringement suit must prove: (1) that the plaintiff owns a valid copyright in the work that has allegedly had its copyright infringed, and (2) that the defendant copied protected aspects of the plaintiff's work. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). The second element, copying, has two sub-elements. First, the plaintiff must prove that the defendant actually copied their work. Second, the plaintiff must show that the works share substantial similarities, i.e., that unlawful appropriation took place.[3]

---

[3] Some courts have restated these various elements and sub-elements more simply as three elements which a plaintiff must prove. *E.g.*, *Gregorini v. Apple*, No. 2:20-cv-00406-SSS-JCx, 2022 U.S. Dist. LEXIS 183003, at *7 (C.D. Cal. Aug. 26, 2022) ("In order to prevail on a claim of copyright infringement, a plaintiff must demonstrate (1) 'ownership' (that she possesses a valid copyright in the work allegedly infringed upon); (2) 'copying' (that defendant copied her protected work); and (3) 'unlawful appropriation.'") (quoting *Skidmore*, 952 F.3d at 1064). For the sake of precision, the Court will use the formulation provided by the Ninth Circuit in *Skidmore*. However, this alternate conception is offered for its potential to elucidate the Court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|----------|---------------------|------|-------------------|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

The first sub-element to copying is *actual* copying. Actual copying must be shown to have taken place because independent creation is a complete defense to copyright infringement. *Id.* But proving actual copying is difficult; direct evidence is often unavailable. Plaintiffs can therefore prove actual copying circumstantially. To do so, a plaintiff must show that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying. *Id.* This analysis of probative similarities is distinct and not to be confused with substantial similarity analysis, which comes later. "This type of probative or striking similarity shows that the similarities between the two works are due to 'copying rather than . . . coincidence, independent creation, or prior common source." *Id.* (quoting *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1052 (C.D. Cal. 2010) (alteration in original)). "A finding of such similarity may be based on the overlap of unprotectable as well as protectable elements." *Id.* (citing *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116–17 (9th Cir. 2018).

The second sub-element to copying is substantial similarity, i.e., unlawful appropriation. *Id.* Substantial similarity is evaluated using a two-part test. *Id.* The first part of that test is the extrinsic component.[4] Here, there is an evaluation of similarity between the defendant's work and *protectible* elements of the plaintiff's work. *Id.* (citing *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004)). This evaluation is differentiated from the probative similarities evaluation because it only considers the protectible elements of a plaintiff's work. In other words, it filters out the unprotectible elements and compares what remains. "'The extrinsic test is an objective test based on specific expressive elements: the test focuses on articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events in two works.'" *Benay v. Warner Bros. Ent., Inc.*, 607 F.3d 620, 624 (quoting *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045). The second part of the substantial similarity test is intrinsic. *Skidmore*, 952 F.3d at 1064. (citing *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 637 (9th Cir. 2008)). The intrinsic test is a subjective comparison that focuses on whether an ordinary, reasonable observer would find the works substantially similar in their total concept and feel. *Benay*, 607 F.3d at 624.

---

[4] The extrinsic test consists of "a three-step analysis: (1) the plaintiff identifies similarities between the copyrighted work and the accused work; (2) of those similarities, the court disregards any that are based on unprotectable material or authorized use; and (3) the court must determine the scope of protection ('thick' or 'thin') to which the remainder is entitled 'as a whole.'" *Corbello v. Valli*, 974 F.3d 965, 974 (quoting *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994)).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

Typically, only the extrinsic test can be resolved by a court at the summary judgment stage. *DuMond v. Reilly*, No. CV 19-8922-GW-AGRx, 2021 U.S. Dist. LEXIS 37241, at *16 (C.D. Cal. Jan. 14, 2021). The intrinsic test must usually be decided by the trier of fact. *Benay*, 607 F.3d at 624. This does not mean, however, that summary judgment is not appropriate for copyright infringement claims.

While summary judgment is not highly favored in copyright cases, substantial similarity may often be decided as a matter of law. *Funky Films, Inc. v. Time Warner Ent. Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006). The Ninth Circuit has frequently affirmed summary judgment in favor of copyright defendants on the issue of substantial similarity. *Id.* at 1078. "On a motion for summary judgment, we apply only the extrinsic test." *Benay*, 607 F.3d at 624. If a plaintiff cannot satisfy the extrinsic test, they cannot survive a motion for summary judgment. *Id.*

### C. Permanent Injunction

This Court may "grant temporary and final injunction on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a); *see also MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197 (C.D. Cal. 2007) (same). "[A]n injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). Accordingly, "An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" *Id.* at 312 (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). A plaintiff in a copyright infringement case "must satisfy a four-factor test before a court may grant such relief [i.e., a permanent injunction]. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see also Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 2:16-cv-04587 SVW (KSx), 2020 U.S. Dist. LEXIS 120877, at *7–17 (C.D. Cal. July 9, 2020) (applying the four-factor test from *eBay*). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

violations." *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993).

Additionally, under 17 U.S.C. § 503, the Court "may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced."

### D. Attorneys' Fees

The Copyright Act provides that "[i]n any civil action under this title . . . the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The Supreme Court has instructed district courts to consider the following factors when determining if an award of attorneys' fees is justified: "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Substantial weight is given to the objective unreasonableness factor. *Shame on You Prods. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). Review of these factors should be conducted considering the "the purposes of the Copyright Act," the most important of which the Supreme Court has identified as "enriching the general public through access to creative works." *Id.* at 534 n.19, 527. The furthering of the Copyright Act's purposes is particularly important. *Mattel, Inc. v. MGA Ent., Inc.*, 705 F.3d 1108, 1111 (9th Cir. 2013).[5] The Ninth Circuit has identified additional factors that may be considered, noting that all such factors need not be met. *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018). Those factors

---

[5] "In cases pre-dating the Supreme Court's holding in *Kirtsaeng* [*v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016)], the Ninth Circuit had referred to the purposes of the Copyright Act as the 'most important factor' in determining whether to award fees; the Ninth Circuit has since found that '[a]fter *Kirtsaeng*'s 2016 endorsement of a "totality of circumstances" approach and its statement that the losing party's reasonableness carries "significant weight," it is unclear whether the purposes-of-the-Copyright-Act factor remains the "most important" one. . . . Nevertheless, consideration of the purposes of the Copyright Act 'remains important.'" *Cinq Music Grp., LLC v. Create Music Grp., Inc.*, No. 2:22-cv-07505-JLS-MAR, 2021 U.S. Dist. LEXIS 76599, * 9 (C.D. Cal. Apr. 26, 2023) (citation omitted) (quoting *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1040–41 (9th Cir. 2018)).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|----------|---------------------|------|-------------------|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

include the degree of success obtained in the litigation, the purposes of the Copyright Act, and whether the chilling effect of attorneys' fees may be too great or impose an inequitable burden on an impecunious litigant. *Id.* (citing *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017)). Substantial weight should be awarded to the reasonableness of the losing party's legal and factual arguments. *Id.* (citing *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018)).

### IV.    Discussion

At this stage of summary judgment, the Court must view "the evidence in the light most favorable to the non-moving party" in order to determine "whether there are any genuine issues of material fact." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiffs carry the ultimate burden to show that Defendant copied protected elements of Plaintiffs' works. Once the moving party has shown the absence of any genuine issues of fact, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e)). "If the non-moving party fails to make this showing, 'the moving party is entitled to judgment as a matter of law.'" *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Here, Defendant's opposition fails to point to any specific facts in the record which would establish a dispute of material fact. Instead, Defendant merely asserts that such facts exist in a conclusory fashion. Def.'s Opp. to Pl.'s Mot. for Summ. J. 6 (claiming that Defendant identifies his books as original and transformational, without any specifics). Defendant also failed to comply with Local Rule 56-2, which required him to file a Statement of Genuine Disputes response to Plaintiffs' Statement of Uncontroverted Facts. ECF No. 31. Accordingly, the Court evaluates whether Plaintiffs have sustained their burden of showing that their copyrights were infringed.

The Court also notes that the parties spent a significant amount of time arguing over whether Defendant was estopped from litigating the issue of copyright infringement because of the doctrine of issue preclusion and the Court's order in the Related Case. Because the Court's order in the Related Case was issued at the motion to dismiss stage, the Court resolves this matter by evaluating the substance of

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

the infringement claims.

### A. TFOK Infringes the Plaintiffs' Copyrights

#### i. Plaintiffs Have a Valid Copyright in TLOR

"In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." 17 U.S.C. § 410. Plaintiffs have presented the various registrations associated with TLOR:

> Each of the three volumes of *The Lord of the Rings* was registered in the U.S. Copyright Office shortly after publication. *The Fellowship of the Ring* was first published in 1954 and registered that same year under Reg. No. Ai 4273 (renewed in 1982 under Reg. No. RE 121-069). *The Two Towers* was also published in 1954 and registered that same year under Reg. No. Ai 4465 (renewed in 1982 under Reg. No. RE 121-070). *The Return of the King* was published in 1955 and registered that same year under Reg. No. TX 1-237-761 (renewed in 1983 under Reg. No. RE 188-500).

Pls. Mot. for Summ. J. 10. These registrations constitute prima facie evidence of the validity of those copyrights pursuant to 17 U.S.C. § 410.

In his answer to Plaintiffs' complaint, Defendant asserted form denials based on lack of sufficient knowledge or information related to the validity of Plaintiffs' copyright. However, in his opposition to Plaintiffs' motion for summary judgment, Defendant did not challenge the validity of Plaintiffs' copyrights. In sum, the Court has prima facie evidence of the validity of Plaintiffs' copyrights in TLOR. There is no serious opposition to the validity of these copyrights before the Court, nor is there any evidence presented to the Court which would cast any doubt on the validity of Plaintiffs' copyrights. Plaintiffs, therefore, have valid copyrights for the purposes of this motion.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

### ii.   Defendant Copied Protected Elements of Plaintiffs' Works

#### a.   Defendant Actually Copied Protected Elements of Plaintiffs' Works

As discussed above, actual copying can be proven with direct evidence or circumstantial evidence.

Here, there is direct evidence of copying. In a letter to Simon Tolkien, Defendant wrote the following: "For the last three years, I've been doing the most obvious hardest thing in the world: I've been writing the obvious pitch-perfect sequel to 'The Lord of the Rings.' . . . My number one intention was to write the best story possible. **Number two was to stick as close to canon as I could.** Third was to take those criticisms of his work; there weren't many strong empowered women or minorities, or those things unaccounted for or seen as errors, and show we were blind men with the elephant, we just hadn't been given a view of the 'big picture.'" Compl., Ex. B (Nov. 21, 2017 letter from Polychron to Simon Tolkien) 2, ECF No. 1-2 (emphasis added). As Polychron used the word, a 'canon' is "a sanctioned or accepted group or body of related works." *Canon*, Merriam-Webster, https://www.merriam-webster.com/dictionary/canon (https://perma.cc/QAQ7-MSD2). The canon here is TLOR. Polychron's admission that he attempted to keep his book as closely tied to TLOR is direct evidence that he copied TLOR. *See also* Compl., Ex. A (Mar. 21, 2023, letter from Polychron to Tolkien Estate and Tolkien Trust) 3 ("I know Peter Jackson and his collaborators tried very hard to stick to Canon as much as they could. I believe they succeeded spectacularly. However, being a novelist and not being constrained by cramming three books into three movies, I had the luxury of sticking as closely as human possible to JRRT's Legendarium Canon, and I have never seen anybody come closer (except of course for the man who wrote the Canon)."), ECF No. 1-1; Compl., Ex. C (Dec. 24, 2019, letter from Polychron to Simon Tolkien) 2, ECF No. 1-3 ("I truly cannot imagine, anyone else alive in the world who is capable of taking the foundation your grandfather wrote and expanding upon it as beautifully and imaginatively as I have.").

If the above quotations were insufficient to constitute direct evidence of copying, there is still abundant circumstantial evidence of copying. There are two things which must be shown to establish

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|----------|---------------------|------|-------------------|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

copying via circumstantial evidence: (1) that Defendant had access to Plaintiffs' works, and (2) the two works share similarities probative of copying.

There is abundant evidence of access. *See* Compl., Ex. B (Nov. 21, 2017, letter from Polychron to Simon Tolkien) 1, ECF No. 1-2 ("For three days, I stayed in my room except for meals and devoured the worlds of JRR Tolkien. Over the years, I re-read those book until the spines gave out. After that, I'd lie in bed for hours every night imagining I was in Middle-earth on the Road with the hobbits."); *see also* Compl., Ex. C (Dec. 24, 2019 letter from Polychron to Tolkien) 1, ECF No. 1-3 ("There are doubtless very few people alive outside of the Estate and your collaborators who have spent so much time in this world and who know it as well as I do."). Additionally, access can be established when a work is widely disseminated. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000), *overruled on other grounds by Skidmore v. Led Zeppelin*, 953 F.3d 1051 (9th Cir. 2020). Few works are more widely disseminated that TLOR. *See* Compl. ¶ 19 ("It is difficult to overstate the cultural impact of the Tolkien Canon . . . on modern literature and popular culture. . . . It popularized an entire new genre of literature and is studied extensively in academia.").

Additionally, there are countless probative similarities between TLOR and TFOK. For example, Plaintiffs have alleged in their complaint that page vi of TFOK lists "17 passes and quotations lifted directly from the Tolkien Canon . . . . These lifted passages total over 1400 words, by Defendant's own count." Compl. ¶ 52, ECF No. 1. The complaint also alleges that TFOK repurposes chapter titles from TLOR with only slight alterations.[6] Compl. ¶ 53, ECF No. 1. The complaint alleges that TFOK lifts numerous plot points from TLOR, including the following: beginning the series on the eve of a character's significant birthday, two groups of hobbits fleeing the Shire, a chase by monstrous orcs/elves, a rescue at

---

[6] "Thus Professor Tolkien's chapter entitled 'A Long-Expected Party' becomes, in the Infringing Work, 'The Night Before A Party'; 'The Shadow of the Past' becomes 'The Shadow Of The Future'; 'The Breaking of the Fellowship' becomes 'The Sundering Of The Gardeners'; 'The Road to Isengard' becomes 'On The Road To Gondor'; 'The Grey Havens' becomes 'Betrayal At The Havens[']; 'At the Sign of The Prancing Pony' becomes 'The Fall Of The Prancing Pony'; 'The Riders of Rohan' becomes 'The Daughters of Rohan'; 'The Council of Elrond' becomes 'The Council Of Glorfindel'; and 'Many Meetings' becomes 'An Unexpected Meeting' (or 'Secret Meetings', another chapter in the Infringing Work)."

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|----------|---------------------|------|-------------------|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

the hands of a character named Tom Bombadil, meeting a mysterious stranger at an inn/pub named The Prancing Pony, and the formation of a group called a "fellowship" with an important quest to carry out. Compl. ¶ 33–34. Plaintiffs elaborate as follows:

> In addition to this remarkable duplication of central plot and structure just in the first 70 pages of the Infringing Work, there are many other duplicative and derivative plotlines and scenes throughout Defendant's novel, too many to catalog here. Perhaps most glaringly, throughout the book Defendant simply repeats narratives set forth in the Tolkien Trilogy and other portions of the Tolkien Canon, paraphrasing the original stories and in some cases tweaking them for his own purposes. For example, Defendant expansively repeats the narrative in the last chapter of the Tolkien Trilogy ("The Grey Havens"); repeats the stories of the flight to the Ford of Bruinen and the destruction of the One Ring (and other plot points from the Tolkien Trilogy) from the perspective of Glorfindel; and retells substantial portions of Professor Tolkien's stories from the Second Age of Middle-earth concerning Galadriel, Aldarion, Gil-Galad, Celebrimbor, Elrond and others. In countless other instances, Defendant recaps portions of narratives from the Tolkien Canon.

Compl. ¶ 35, ECF No. 1. Plaintiffs further point out that TFOK is set in the same world (Middle-earth) as TLOR. *Id.* at ¶ 37–38. Accordingly, it references numerous fictional locations that originated in TLOR, such as the Shire, Bag End, the Old Forest and Tom Bombadil's home within, the Village of Bree, the Prancing Pony, Weathertop, Rivendell, Arnor, Gondor, Tookland, Buckland, and Brandywine Bridge. *Id.* Plaintiffs note that Defendant has made use of hundreds of characters from TLOR, including *inter alia* Samwise Gamgee, Rosie Gamgee, Tom Bombadil, Aragorn, Arwen, Legolas, Gimli, Elassar, Galadriel, Elrond, and Sauron. *Id.* at ¶ 43–44. The analysis of probative similarities for the purposes of establishing copyright does not require the filtration of unprotectible ideas; rather, it looks at both protectible and unprotectible ideas to rule out the possibility of independent creation. Defendant has not disputed Plaintiffs' characterization of these similarities. Instead, Defendant has argued that his book has created new characters, plots, and scenes. Def.'s Opp. to Pls.' Mot. for Summ. J. 6, ECF No. 40. The creation of new material is irrelevant to the question of whether actual copying occurred. One can copy while

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|----------|---------------------|------|-------------------|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

simultaneously adding in new material; that insertion does not change the question of whether the works share similarities reflective of the fact that copying took place. Defendant also "disputes that the characters in his book are the same as that in the LOTR, specifically calling out the complexity and transformation he has given them to make them original." *Id.* Defendant's declaration, submitted in support of this argument, does not offer any specificity as to the specifics of that transformation; its existence is merely asserted in a conclusory fashion. Polychron Decl., ECF No. ¶ 4, ECF No. 40-1 ("In [TFOK], any characters with the same name as any character in [TLOR], have been so transformed as they are essentially new characters altogether."). However, any alleged transformation does not address whether Defendant did, in fact, copy those characters from TLOR. Clearly, he did so.

Given the evidence in the record, no rational jury could find that Defendant did not actually copy Plaintiffs' works.

### b. Defendant's Work Shares Substantial Similarities with Plaintiffs' Works

As discussed above, substantial similarity is evaluated using two tests: an extrinsic test and an intrinsic test. This motion, as Plaintiffs concede, "comes before the Court in an admittedly unusual posture. In the typical copyright infringement case in this Circuit, it is the defendant who moves for summary judgment, claiming that the plaintiff has not presented sufficient evidence to demonstrate substantial similarity under the 'extrinsic test' for infringement." Pls.' Reply in Supp. of Mot. for Summ. J. 3. Here, however, Plaintiffs are moving for summary judgment on the question of infringement. While uncommon, granting summary judgment to a plaintiff in a copyright infringement case is not unheard of. *See Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1983) ("A grant of summary judgment for plaintiff is proper where works are so overwhelmingly identical that the possibility of independent creation is precluded.") (citing *Peter Pan Fabrics Inc. v. Dan River Mills, Inc.*, 295 F. Supp. 1366, 1369 (S.D.N.Y.), *aff'd*, 415 F.2d 1007 (2d Cir.1969)); *see also Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 985 (9th Cir. 2017) (same); *Asia Entm't v. Nguyen*, No. SACV 94-985 GLT (EEx), 1996 U.S. Dist. LEXIS 17792 (C.D. Cal. June 10, 1996) (granting summary judgment to plaintiff in

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

infringement suit wherein defendant copied plaintiff's song lyrics verbatim in another language).

Here, there is no possibility of independent creation. The similarities between the works are extensive and well-documented by Plaintiffs in their complaint. Moreover, there is a plethora of evidence that Defendant knowingly appropriated countless elements of TLOR for the creation of his unauthorized sequel. Defendant cannot possibly make out a defense of independent creation given how explicitly he has stated that his works are based on TLOR. Defendant's best and only argument is that he has created new characters, plots, and settings while transforming those that he borrowed from TLOR. But Defendant has introduced absolutely no evidence to substantiate those claims.

Given the record before the Court, no reasonable jury could conclude that Defendant did not unlawfully appropriate Plaintiffs' works.

### B. Plaintiffs Are Entitled to a Permanent Injunction

#### i. Irreparable Harm

"Irreparable harm is not automatically proven by a finding of copyright infringement." *Greg Young Publ'g*, 2020 U.S. Dist. LEXIS 120877, at *8 (citing *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989 (9th Cir. 2011). However, injunctive relief is "routinely awarded in copyright infringement cases where a plaintiff has demonstrated that a defendant has violated the plaintiff's protectable copyrights and is likely to infringe them in the future." *Starbucks Corp. v. Heller*, No. CV 14-01383 MMM (MRWx), 2015 U.S. Dist. LEXIS 200293, *39 (C.D. Cal. May 28, 2015). "[T]he injury caused by the presence of infringing products in the market - such as lost profits and customers, as well as damage to goodwill and business reputation - will often constitute irreparable injury." *Id.* (citing *Microsoft Corp. v. Atek 3000 Computer Inc.,* No. 06 CV 6403(SLT)(SMG), 2008 U.S. Dist. LEXIS 56689, *5 (E.D.N.Y. July 23, 2008)).

Defendant argues that Plaintiffs cannot show irreparable harm for two reasons.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

First, "Defendant has removed all references to his book from online and does not intend to sell them further." Def.'s Opp. to Pl.'s Mot. for Summ. J. 8, ECF No. 40. The Court has been provided no evidence to show that this is true and cannot take that claim at face value in light of Defendant's previous actions. There is evidence before the Court that Defendant has previously sold his book online. *See* Koonce Decl., Ex. B (Defendant's website showing TFOK for sale), ECF No. 32. Additionally, there is evidence in the record of Defendant's attempts to publicize and circulate his book far and wide. *See, e.g.*, Compl., Ex. A (Mar. 21, 2023, letter from Polychron to Tolkien Estate and Tolkien Trust) 6, ECF No. 1-1 ("There are lots of Advanced Reader Copy services the world over, in countries that do not recognize anyone's copyright, and the **last time I checked [TFOK] had been one of the most popular downloads in EPUB and PDF**. While promoting [TFOK] last year, my temps sent out hundreds of PDF's to their networks. **Once you email a PDF, you can't take it back and you can't stop anyone from forwarding it.** The same thing happened to 'Twilight' and it became a top fantasy book series. **It wasn't a bad strategy.**") (emphasis added). TFOK is also the first in a planned series to consist of seven books. Moreover, it took extensive litigation to reach a point at which Defendant ceased selling TFOK. Plaintiffs have alleged that "Defendant did not cease distribution of the Infringing Work after receiving demands from the Estate." Pls.' Mot. for Summ. J. 16. Lastly, as will be discussed in greater detail in Section IV-D, Defendant's previous frivolous suit (the Related Case) against Plaintiffs suggest bad faith.

Defendant's other argument is that "the Tolkien legacy and Lord of the Rings trilogy is so eminent and popular that it is hardly an argument that Defendant has caused any damage to the Plaintiffs by publishing his books, and it continues to be unlikely that any continuing act will cause irreparable harm to the Plaintiffs." Def.'s Opp. to Pl.'s Mot. for Summ. J. 8, ECF No. 40. This argument is plainly contrary to the spirit and purpose of copyright law, which seeks to promote artistic creation for the benefit of society. If any massively successful work could never achieve an injunction against infringement because its success prevented infringement from being a harm, there would be no incentive for artists to create popular works. Successful works should not be punished for their own success.

Because Defendant has infringed on Plaintiffs' copyrights, and because there are reasons to suspect he may do so again, Plaintiffs are likely to suffer irreparable harm unless they are granted a permanent

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

injunction.

### ii. Adequate Remedy at Law

"The analysis for whether a plaintiff has an adequate remedy at law is similar to the analysis for irreparable harm." *Greg Young Publ'g*, 2020 U.S. Dist. LEXIS 120877, at *11-12 (citing *MGM Studios*, 518 F. Supp. 2d at 1219). Because Plaintiffs are likely to suffer irreparable harm if Defendant continues to infringe, they do not have an adequate remedy at law. *Star Fabrics, Inc. v. Zappos Retail, Inc.*, No. CV 13-00229 MMM (MRWx), 2013 U.S. Dist. LEXIS 198638, at *25–26 (C.D. Cal. Sept. 10, 2013) ("The court's finding that Star has shown irreparable harm related to potential future infringement compels a finding that it has no adequate remedy at law.") (citing *MGM Studios*, F. Supp. 2d at 1219; *Designer Skin, LLC v. S & L Vitamins, Inc.*, No. CV 05-3699-PHX-JAT, 2008 U.S. Dist. LEXIS 68467, at *6 (D. Ariz. Sept. 5, 2008)).

This factor thus supports granting a permanent injunction.

### iii. Balancing the Hardships

"[T]he balance of hardships tip in Plaintiff[s'] favor because if the Court grants a permanent injunction, it should cause very little harm to Defendant as infringing is not permitted by the Copyright Act; however, if he intends to continue infringing, then it will provide adequate protection of Plaintiff's rights in its copyrighted works." *Twentieth Century Fox Film Corp. v. Saundry*, No. CV 16-8463-RSWL-MRWx, 2017 U.S. Dist. LEXIS 118192, *16 (C.D. Cal. July 27, 2017); *see also Bungie, Inc. v. Elite Boss Tech Inc.*, No. 2:21-cv-01112-TL, 2023 U.S. Dist. LEXIS 81199, at *25 (W.D. Wash. May 9, 2023) ("[T]he equities favor Bungie, which seeks to enjoin Larsen from engaging in illegal conduct that benefits only Larsen. This favors Bungie and the requested injunction."); *Starbucks Corp.*, 2015 U.S. Dist. LEXIS 200293, at *43.

The balance of hardships therefore favors entry of a permanent injunction against future infringement.

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

#### iv.  The Public Interest

District courts have routinely found the public interest to be served by protecting the holders of valid copyrights from infringing activity. *E.g.*, *DFSB Kollective Co., Ltd. v. Bing Yang*, No. C 11-1051 CW, 2013 U.S. Dist. LEXIS 46096, at *38–39 (C.D. Cal. Mar. 28, 2013) (citing *Taylor Corp. v. Four Seasons Greetings*, LLC, 315 F.3d 1039, 1042 (8th Cir. 2003)); *Starbucks Corp.*, 2015 U.S. Dist. LEXIS 200293, at *43–44 (same); *Columbia Pictures Indus. v. Galindo*, No. 2:20-cv-03129-MEMF (GJSx), 2022 U.S. Dist. LEXIS 210979, at *41–42 (C.D. Cal. Nov. 18, 2022) (same).

Accordingly, granting a permanent injunction against future infringement will further the public interest by protecting the rights of copyright holders.

#### v.  Weighing the Four Factors

Here, all four factors clearly support the issuing of a permanent injunction against further infringement by Defendant.

### C.  Plaintiffs Are Not Entitled to Attorneys' Fees

#### i.  Defendant's Opposition was Neither Frivolous nor Unreasonable

"'[A] claim is not frivolous under the Copyright Act merely because it is unsuccessful. Rather, a frivolous claim under the Copyright Act is one that, in either the factual or legal assertions, is clearly baseless, involving fantastic or delusional scenarios.'" *Bell v. Wilmott Storage Servs., LLC*, No. CV 18-7328-CBM-MRWx, 2019 U.S. Dist. LEXIS 161257, *3 (C.D. Cal. Sept. 12, 2019) (quoting *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 U.S. Dist. LEXIS 54063, *21 (C.D. Cal. Mar. 24, 2015)). "A case is deemed frivolous only when the result is obvious or the arguments are wholly without merit." *Glass v. Sue*, No. CV 09-8570-RGK (SHx), 2011 U.S. Dist. LEXIS 16793, at *9 (C.D. Cal. Feb. 8, 2011).

Defendant's opposition to Plaintiffs' motion for summary judgment focused largely on the

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

question of whether this motion should be decided on the basis of issue preclusion. Def.'s Opp. to Pls.' Mot. for Summ. J. 6–8, ECF No. 40. These arguments were neither unreasonable nor frivolous.

This factor presents a closer call with regards to the underlying question of whether Defendant infringed Plaintiff's copyrights. *See Greg Young Publ'g*, 2020 U.S. Dist. LEXIS 120877, at \*22 ("A non-moving party is unreasonable when the moving party is "*clearly correct*" such that the non-moving party has no reasonable defense but continues to litigate."). But the difference in posture between this case and the Related Case exposes the ways in which this case is less frivolous and less unreasonable. In the Related Case, Polychron sued on the following theory: that the Tolkien Trust, the Tolkien Estate, and myriad other defendants associated with Amazon had infringed Plaintiff's copyright in an unauthorized derivative work based on Defendants' validly protected work. Such an argument was frivolous from the beginning. By contrast, Plaintiff here merely opposed granting Plaintiffs' motion for summary judgment. Defendant's opposition failed; moreover, Defendant's position that it had not infringed was clearly erroneous. However, Defendant's opposition to the motion at this stage of the litigation was not unreasonable due to the issue preclusion analysis referred to above. This analysis might have been different if Plaintiffs had made a stronger motion for summary judgment, which more extensively outlined the ways in which Defendant's position was clearly wrong.

This factor tilts against the award of attorneys' fees. Moreover, this factor is to be awarded substantial weight. *Shame on You Prods.*, 893 F.3d at 666.

### ii. Defendant's Motivation in Opposing the Motion Was Not Suspect

"Under this factor, the existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party. A finding of bath faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-00496 SOM/BMK, 2015 U.S. Dist. LEXIS 127213, at \*20–21 (D. Haw. Sept. 23, 2015) (citations omitted).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

There is no evidence of bad faith in Defendant's choice to oppose Plaintiffs' motion for summary judgment. Based on the evidence in the record (particularly Defendant's multiple letters to Plaintiffs), Defendant appears to sincerely believe that his work is not infringing. While that belief is wrong, his "motivation . . . was to protect an interest that [he] believed was [his]." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1230 (9th Cir. 2008). Moreover, Defendant claims that he has since "removed all references to his book from online and does not intend to sell them further." Def.'s Opp. to Pl.'s Mot. for Summ. J. 8. While an injunction is necessary to ensure that this remains the case, this act of removal does indicate some measure of good faith on the part of Defendant.

This factor tilts against an award of attorneys' fees.

### iii. Advancing Considerations of Compensation and Deterrence

There is no need to deter oppositions to summary judgment that raise non-frivolous legal arguments. The Court's award of attorneys' fees in the Related Case will sufficiently deter Defendant from advancing other frivolous arguments; an award of fees in this case is not necessary to achieve that end. *See Design Data Corp. v. Unigate Enter., Inc.*, No. 12-cv-04131-WHO, 2014 U.S. Dist. LEXIS 154737, at *6 (N.D. Cal. Oct. 31, 2014) ("There is value in deterring frivolous lawsuits . . . ."); *cf. Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2016 U.S. Dist. LEXIS 44170, at *25 (N.D. Cal. Mar. 31, 2016) ("In the instant case, Plaintiffs' claims were not frivolous or objectively unreasonable, and Plaintiffs did not act in bad faith. Thus, the Court does not believe that Plaintiffs will attempt to re-assert copyright infringement claims based upon invalid copyright registrations. Accordingly, no specific deterrence of Plaintiffs is required."). Plaintiffs have received a permanent injunction preventing Defendant from further infringing their copyrights. That injunction advances the goals of the Copyright Act by protecting Plaintiffs' rights from continuing infringement.

This factor tilts against an award of attorneys' fees.

### iv. Degree of Success

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

Plaintiffs have obtained a complete victory in this case. The Court has granted them summary judgment as well as their requested permanent injunction against Defendant.

This factor favors an award of attorneys' fees.

### v.  Purposes of the Copyright Act

As stated above, the Copyright Act's primary purpose is to ensure the creation of artistic works for society's benefit and enjoyment. *See also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ("The primary objective of copyright is not to reward the labor of authors, but 'to promote the Progress of Science and useful Arts." (quoting Art. I, §8, cl. 8)). In other words, copyrights are awarded to creators to incentivize their artistic creation.

Here, Plaintiffs have obtained an injunction to ensure that their rights are not violated in the future. In general, an award of attorneys' fees would serve as a punishment to Defendant for infringing and an inducement to Plaintiffs to prosecute their rights. But this rationale would apply in any case in which a plaintiff alleging copyright infringement was victorious; such default rules have been rejected. The Supreme Court instructed that "a district court may not 'award attorney's fees as a matter of course." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016) (quoting *Fogerty*, 510 U.S. at 533) (alterations omitted). Instead, courts must "make a more particularized, case-by-case assessment." *Id.* (citing *Fogerty*, 510 U.S. at 533). For the Supreme Court's guidance to have any meaning, the Court must look beyond the fact that Plaintiffs were successful.

In this case, Plaintiffs needed no added incentive to prosecute their copyrights. The reputational harm to their works was sufficient motivation. In fact, Plaintiffs waived their rights to damages. Plaintiffs' primary objective was to secure an injunction against Defendant, which they have successfully done. Defendant, meanwhile, has been blocked from further infringement by the injunction and has been held accountable for his frivolous suit through the award of attorneys' fees in the Related Case. In other words, the purposes of the Copyright Act have already been achieved. An award of attorneys' fees is not necessary

| | | : | |
|---|---|---|---|
| | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|----------|---------------------|------|-------------------|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

to fulfill the Act's goals.

This factor tilts against an award of attorneys' fees.

### vi. Chilling Effect and Inequitable Burden

Awarding attorneys' fees in this case risks chilling valid motion practice. Defendant's opposition raised non-frivolous and reasonable arguments; Defendant should not be punished for doing so.

This factor tilts against an award of attorney's fees.

### vii. Weighing of Factors

On balance, the factors do not support an award of attorneys' fees. The only factor that weighs in favor of awarding attorneys' fees to Plaintiffs is their complete success in this matter. By contrast, attorneys' fees will not further the purposes of the Copyright Act, Plaintiff's opposition was neither unreasonable nor frivolous, there is no need to advance considerations of compensation or deterrence, and there is a risk of a chilling effect if attorneys' fees are awarded. For these reasons, Plaintiffs request for attorneys' fees is denied.

## V. Conclusion

The Court has evaluated Plaintiffs' motion for summary judgment and the evidence in the record. No reasonable jury could find that Defendant had not infringed Plaintiffs' copyrights. Plaintiffs presented (1) unrebutted prima facie evidence of valid copyrights in TLOR, and they also presented unrebutted evidence that (2) Defendant copied protected elements of TLOR. The Court therefore GRANTS Plaintiffs' motion for summary judgment.

Plaintiffs demonstrated that they met all four requirements to be entitled to a permanent injunction preventing Defendant from further infringing on their copyright. The Court will enter an injunction

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04300-SVW-E | Date | December 14, 2023 |
|---|---|---|---|
| Title | *The Tolkien Trust et al. v. Demetrious Polychron* | | |

enjoining Defendant from (1) copying, distributing, selling, performing, displaying, or otherwise exploiting TFOK, its planned sequels, or any derivative thereof, and (2) copying, distributing, selling, performing, displaying, or preparing any derivative works based on any copyrighted work by Professor J.R.R. Tolkien, including TLOR. That injunction will also order that Defendant destroy all copies of the infringing work. Plaintiffs' request for a permanent injunction is therefore GRANTED.

Lastly, an award of attorneys' fees is not appropriate here. Plaintiffs request for attorneys' fees is therefore DENIED.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |