LACY H. ("Lance") KOONCE, III (admitted *pro hac vice*)
GILI KAREV (Bar Number: 348774)
**KLARIS LAW**
430 West 14th St.
New York, NY 10014
Telephone:(917) 612-5861
Email: lance.koonce@klarislaw.com

KEVIN VICK (Bar Number: 220738)
**JASSY VICK**
355 S Grand Ave #2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
Email: kvick@jassyvick.com

Attorneys for Plaintiffs the Tolkien Trust and the Tolkien Estate Limited.

# IN THE UNITED STATES DISTRICT COURT
# THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| THE TOLKIEN TRUST and THE TOLKIEN ESTATE LTD<br><br>   Plaintiffs,<br><br>   v.<br><br>DEMETRIOUS POLYCHRON,<br><br>   Defendant. | Case No. 2:23-cv-04300-SVW(Ex)<br><br>**NOTICE OF MOTION AND MOTION TO HOLD DEFENDANT IN CONTEMPT** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Monday, February 5, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson in Courtroom 10A of the above-entitled court, located at 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, plaintiffs The Tolkien Estate Limited and The Tolkien Trust will move this Court to hold defendant Demetrious Polychron in contempt of Court for failure to obey this Court's Order for Permanent Injunction entered December 13, 2023 (the "Order").

This motion is based on this Notice; the Memorandum of Points and Authorities below; the Declaration of Lacy H. Koonce, III dated January 12, 2024 ("Koonce Decl."); on all pleadings, files and records in this action, and on any such authorities and arguments that may be presented in any reply and at any hearing on this motion.

**CERTIFICATE OF COMPLIANCE**

This motion was made following unsuccessful attempts to meet and confer with counsel for Defendant pursuant to L.R. 7-3, as further detailed herein.

Dated: January 12, 2024

/s/ Lacy H. Koonce, IIII
Lacy H. Koonce, IIII
Gili Karev
**KLARIS LAW PLLC**
430 West 14th Street
New York, NY 10014
Telephone: (917) 612-5861
Email:
lance.koonce@klarislaw.com

Kevin Vick
**JASSY VICK**
355 S Grand Ave #2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
Email: kvick@jassyvick.com

*Attorneys for Plaintiffs the Tolkien Estate and the Tolkien Trust Limited*

## I. INTRODUCTION

In flagrant disregard of this Court's Order enjoining Defendant Demetrious Polychron from any exploitation of his infringing book *The Fellowship of the King* (the "Infringing Work") and requiring Defendant to file a declaration certifying that he has permanently destroyed all physical and electronic copies of the Infringing Work within ten days of such Order, Defendant has failed to take a single step to comply with any aspect of the Court's Order, and the Infringing Work continues to be available for sale online. Further, Defendant's counsel of record has refused to meet and confer with the Estate's counsel with respect to his non-compliance or to discuss the instant motion, as required under the Local Rules.

In light of the above, Plaintiffs seek to hold Defendant in contempt of Court for his failure to comply with the Court's clear Order.

## II. FACTUAL BACKGROUND

On September 19, 2023, the Estate filed a Motion for Summary Judgment and Permanent Injunction to prevent further infringement of the Estate's copyright interests by Defendant. Defendant opposed the Estate's Motion. After the Estate filed a Reply, the Court granted the Estate's motion on December 13, 2023, and entered an Order permanently enjoining Defendant from:

   a. Copying, distributing, selling, performing, displaying, or otherwise exploiting his book *The Fellowship of the King* [or] any derivative thereof, including his planned book entitled *The Two Trees* and any subsequent books in the planned series;

   b. Copying, distributing, selling, performing, displaying, or preparing any derivative works based on any copyrighted work by Professor J.R.R. Tolkien, including *The Lord of the Rings*. (Dkt. 48).

The Court further ordered Defendant, within ten business days of the date of the Order, to:

a. Permanently destroy all physical and electronic copies of the Infringing Work;

b. File a declaration, under penalty of perjury, with the Court certifying his compliance with these terms. *Id.*

There is no dispute that Defendant received notice of the Order. As a threshold matter, the December 13 entry of the Order on the electronic docket constituted service to Defendant through his counsel of record, Katie Charleston (who previously requested, but has not yet been granted, leave to withdraw as counsel). Additionally, Ms. Charleston has confirmed to counsel for Plaintiffs in writing that she provided Defendant with a copy of the Order.

Counsel for Plaintiffs has also attempted to discuss Defendant's non-compliance with the Order with Ms. Charleston.[1]  However, after at first failing to respond, Ms. Charleston responded that she "no longer represented Mr. Polychron" and would not make herself available for a call. This email exchange is attached as Exhibit B to the Koonce Declaration.

The Order was issued nearly one month ago. Defendant's declaration to the Court certifying that all copies of the Infringing Work have been destroyed was due on December 27, 2024. To date, Defendant has failed to comply with any of the Court's demands, and the Infringing Work remains available for sale and download on Google Play for $17.95. See Exhibit A to the Koonce Declaration.

### III.   ARGUMENT

**A. Defendant's Refusal to Obey the Court's Order Merits a Finding of Contempt**

Courts have the power to enforce their orders through civil contempt. *See Spallone v. United States*, 493 U.S. 265, 276, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990) (citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622

---

[1] Counsel also sought to discuss with Ms. Charleston how her client intended to satisfy the attorneys fee award in the Related Case.

(1966)). In the Ninth Circuit, the relevant inquiry is whether the contemnor has performed "all reasonable steps within their power to insure compliance" with the Court's orders. *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV0800519MMMRZX, 2009 WL 605789, at *1 (C.D. Cal. Mar. 9, 2009), citing *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992). The moving party bears the burden of establishing that the contemnor has violated the Court's "clear and definite" order "by clear and convincing evidence". *Bademyan* at *2. Once such evidence has been presented, "the burden then shifts to the contemnor to demonstrate that he took every reasonable step to comply, and to articulate reasons why compliance was not possible." *Id.*

First, the Court's Order is unambiguously clear and definite here, as it plainly states that Defendant must cease <u>all</u> forms of distribution and exploitation of <u>all</u> forms and mediums of the Infringing Work, and that he must file a declaration with the Court certifying compliance with the same. Dkt. 48. Defendant has been on notice of this Order since as early as December 13, 2023. There is nothing in the Order that raises any question as to Defendant's obligations, or as to when he was required to comply.

Second, and notwithstanding the clear and definite terms of the Order, Defendant has thumbed his nose at the Court's requirements and has taken no steps at all to comply with any aspect of them. He has not refrained from exploiting the Infringing Work, and indeed is continuing to *profit* from any sales of that work, as evidenced by the fact that the Infringing Work is still being offered for sale on at least one prominent, easily accessible website. His failure to remove the Infringing Work from this website confirms that he has failed to permanently delete all copies of the work. Just as egregiously, he has failed to file the required declaration with the Court certifying to his compliance.

### B. Defendant's Refusal to Obey the Court's Order Merits the Imposition of Coercive Sanctions

Civil coercive sanctions may be imposed "to coerce defendant into compliance with the court's order, and to compensate the complainant for losses sustained". *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992), quoting *United Mine Workers*, 330 U.S. at 303–04, 67 S.Ct. at 701–02 (1947). Sanctions designed to coerce compliance are by their nature "conditional," in that they only operate "if and when a person found in contempt violates the order in the future." *Id*. By contrast, compensatory sanctions are intended to compensate the complainant for losses suffered as a result of the contemptuous conduct, and may include plaintiffs' costs to bring the contempt proceeding, including reasonable attorneys' fees. *Portland Feminist Women's Health Center v. Advocates for Life, Inc.,* 877 F2d 797, 790 (9th Cir. 1989). Here, while Defendant continues to recognize at least some ill-gotten monetary gains from his infringement, Plaintiffs at present do not seek compensatory sanctions or their attorneys' fees on this motion, but merely seek to have Defendant comply with the Order.

In determining an appropriate amount of a coercive sanction, the Court may consider the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *Fed. Trade Comm'n v. Gill*, 183 F. Supp. 2d 1171, 1186 (C.D. Cal. 2001). In this case, the Estate proposes a $250 sanction for each day that Defendant continues to violate the injunctive provisions of the Court's Order, with the daily sanction doubling every seven days of non-compliance. *See Fed. Trade Comm'n v. Productive Mktg., Inc.*, 136 F.Supp.2d 1096, 1113 (C.D. Cal. 2001) (ordering sanction doubling every day of non-compliance); *see also China Central Television v. Create New Technology (HK) Ltd.*, 2015 WL 6755188, *6 (C.D. Cal. Nov. 4, 2015) (ordering $5000 per day sanctions in copyright infringement case). Given the wastefulness of this ongoing litigation and the fact that Defendant has shown nothing but disdain for this Court's

Order by utterly ignoring the requirements imposed on him, the irreparable harm suffered by the Estate that led to a permanent injunction in the first place continues, and will continue, until Defendant is forced to comply. A coercive sanction of $250 per day, doubling every seven days, for the purpose of coercing such compliance, is therefore appropriate and necessary.

## IV.   CONCLUSION

Defendant was put on notice of the Court's Order on December 13, 2023. The Order is crystal clear in restricting Defendant from continuing to exploit the Infringing Work in any medium and ordering him to certify that he had permanently deleted all copies thereof by no later than December 27, 2023. Defendant has violated each and every provision in the Order, which are specific and definite. He should therefore be found liable for contempt for violation of the Order and ordered to pay an amount of $250 per day for each day after entry of this motion during which he remains in non-compliance, with the amount doubling every five days if he remains in contempt. The Estate respectfully requests that its Motion to Hold Defendant in Contempt be granted in its entirety.

January 12, 2023

Respectfully submitted,

/s/ Lacy H. Koonce, IIII
Lacy H. Koonce, IIII
Gili Karev
KLARIS LAW PLLC
430 West 14th Street
New York, NY 10014
Telephone: (917) 612-5861
Email:
lance.koonce@klarislaw.com